

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 15, 1954

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-128

Re: Applicability of the State Prize and Award
Tax to the "What's My Name" contest.

Dear Mr. Calvert:

You request the opinion of this office on the question contained in your letter of May 3, 1954, and supplement thereto dated June 2, 1954, which respectively are as follows:

"The Waples-Platter Company of Fort Worth, Texas, recently held a contest known as 'What's My Name'. In order to participate in this contest it was necessary that a person purchase White Swan coffee in order to obtain the slip contained in each can of coffee, which slip had to accompany each entry blank. The winners were awarded various prizes. I called on these people for the State Prize & Award tax as levied by Article 7047f. The Waples-Platter Company contends that the tax did not accrue as to tax these prizes and awards would be a burden in Interstate Commerce.

"Attached is a letter from this Firm outlining their reasons for believing the tax did not apply on the 'What's My Name' contest. Also attached is a list showing the medium used in advertising this contest. I will appreciate your opinion as to whether or not the State Prize & Award tax accrued on the prizes given in connection with this contest. To my knowledge there is no litigation pending that would have any bearing on this question."

"I wish to supplement my request for an opinion dated May 3, 1954. This request was in connection with the liability of the State Prize & Award Tax on awards given by the Waples-Platter Company of Fort Worth, Texas, in a contest known as "What's My Name."

"The contestants in the contest purchased the White Swan coffee, a product of Waples-Platter Company, from retail outlets. The retail outlets in turn had purchased the coffee from Waples-Platter Company. Would the customers of the retail outlets be considered as patrons of Waples-Platter Company?

"Your opinion on this additional question to my previous request of May 3 will be appreciated."

In order to answer your question as to the liability of Waples-Platter Company of Fort Worth for the State Prize Tax imposed by Article 7047f, Vernon's Civil Statutes, we must answer two questions. First, is the incidence of this tax violation of the commerce clause of the Federal Constitution? Second, are the participants in the contest "What's My Name," sponsored by Waples-Platter, patrons of that business enterprise within the purview of the taxing statute? We shall answer these questions in the order in which we have stated them.

The advertising of this contest by Waples-Platter was primarily through the medium of radio, television and newspaper advertisements. Concededly, some of these broadcasts and newspapers reached beyond State boundaries. This fact, however, does not compel the conclusion that this tax is laid upon interstate commerce. The tax is not for the privilege of advertising the contest by means of radio, television and newspaper advertisements, but for the privilege of awarding the prizes. If the tax was upon the privilege of using these mediums in advertising the contest, then interstate commerce might be involved. The incidence of the tax is upon the awarding of the prizes to the successful participants, which is purely a local incidence taking place at Fort Worth and within the State. We therefore conclude that the awarding of the prizes by Waples-Platter in the manner present here in no way contravenes the commerce clause of the Federal Constitution.

Passing now to the second question as to whether the participants in the contest are patrons of Waples-Platter, it is necessary to determine the legislative intent in the use of the word "patrons" in the taxing statute. This statute reads in part as follows:

"(a) Every person, firm or corporation conducting a theatre, place of amusement, or any business enterprise in connection with the operation of which a prize in the form of money or something of value is offered or given to one or more patrons of such theatre, place of amusement, or business enterprise, and not given to all patrons thereof paying the same charge for any certain service, commodity, or entertainment, shall make a verified monthly report on the twenty-fifth day of each month to the Comptroller of Public Accounts of the State of Texas, showing the amount of money so given in prizes, and the value of all prizes or awards so given in connection with such business during the next preceding month.

"(b) There is hereby levied a tax equal to twenty per cent (20%) of the value of all such money, prizes, and awards given in connection with the operation of each and all of the foregoing business enterprises, and at the time

of making the report to the Comptroller of Public Accounts, the owner or operator of any such business shall pay to the State Treasurer such tax upon the total amount of money, prizes, and awards so given during the next preceding month. . . ." (Emphasis added.)

The statute does not define the word "patrons," hence we may look to the generally accepted meaning of this word as commonly used. Webster's New International Dictionary, among other connotations of the word patron, defines it in this language: "patron - one who supports a commercial enterprise."

It seems quite obvious to us that the participants in the contest in making purchases of White Swan Coffee which, as we understand, is exclusively processed by Waples-Platter, lend support to Waples-Platter, the business enterprise which awards the prizes. All participants in the contest, whether successful or unsuccessful, lend support to Waples-Platter, the business enterprise, in making purchases of White Swan Coffee. A participant, in order to qualify for the contest, must purchase a can of White Swan Coffee in order to obtain the entry blank necessary for entering the contest. It is not an important factor that the selection of successful contestants is entrusted by Waples-Platter to a professional organization in Chicago which specializes in selecting successful contestants such as involved here.

You are therefore advised that from the information submitted by you, upon which this opinion is based, Waples-Platter Company is subject to and should pay the prize tax imposed by this statute upon the value of the prizes.

## SUMMARY

A business enterprise awarding prizes in Texas to successful contestants, who are patrons of such business enterprise, is subject to the State Prize & Award tax imposed by Article 7047f, V.C.S. Even though the contest is open to residents of other States and is advertised through advertising mediums located in other States, the imposition of the tax by the State of Texas in these circumstances is not an unlawful burden on interstate commerce in violation of the Federal Constitution.

Purchasers of a product through retail outlets are "patrons" of the manufacturer or processor of the product within the meaning of that term in Article 7047f.

APPROVED BY:                                    Yours very truly,

W. V. Geppert                                  JOHN BEN SHEPPERD
Taxation Division                              Attorney General

John Atchison
Reviewer                          By      L. P. Lollar
                                            Assistant

Mary K. Wall
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General